`IN THE UNITED STATES DISTRICT COURT
FOR THE
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

FILED
US DISTRICT COURT
WESTERN DISTRICT
OF ARKANSAS
Nov 30, 2017
OFFICE OF THE CLERK

DARRIN HARDY, as special administrator
Of the estate of Joy G. Hardy; and
Kenneth Hardy                                                                              PLAINTIFFS

Vs.                                        CASE NO. **17-6125**

HEALTHSOUTH CORPORATION                                              DEFENDANT

## COMPLAINT

Comes now the Plaintiff, Darrin Hardy, by and through his attorneys, the Baxter Law Firm, and for his Complaint to the Court, herein states:

### INTRODUCTION

1. This is an action for medical injury and wrongful death arising under Arkansas Law where the Defendant HealthSouth is liable under the doctrine of respondeat superior.

### PARTIES

2. Plaintiff, Darrin Hardy, is the duly appointed personal representative of the estate of Joy G. Hardy, deceased. See Exhibit A.

3. At the time of her untimely demise, Joy Hardy was a resident of Hot Springs County, Arkansas.

4. Plaintiff, Kenneth Hardy, is and at all times relevant hereto was a resident of Hot Springs County, Arkansas. Plaintiff Kenneth Hardy was Joy G. Hardy's husband at the time of her untimely demise.

5. Based upon information and belief, Defendant HealthSouth Corporation, ("HealthSouth") is a Delaware Corporation with its principle place of business in Birmingham Alabama.

6. Based upon information and belief, Defendant HealthSouth can be served through its registered agent of service, C T CORPORATION SYSTEM at 2 North Jackson St., Suite 605 Montgomery, Alabama 36104.

## JURISDICTION AND VENUE

7. This is an action for medical injury arising under Arkansas Law where the amount in controversy is greater than $75,000 exclusive of interest and costs. Thus, since there is complete diversity of citizenship, and the amount in controversy is greater than $75,000, jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332.

8. Likewise, HelathSouth manages medical rehabilitation facilities in many states, including Arkansas. Specifically, HealthSouth runs and manages a rehabilitation facility in Hot Springs, Arkansas where Joy G. Hardy was a patient. Further, this cause of action surrounds HealthSouth's employee

and agent breaching the standard of care in Hot Springs, Arkansas, and causing Joy G. Hardy substantial personal injury culminating in her untimely death.

9. Thus, this Court has personal jurisdiction over HealthSouth. Likewise, venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) and (2).

## FACTUAL BACKGROUND

10. Joy was admitted to HeatlhSouth's rehabilitation facility in Hot Springs, Arkansas in late March of 2017 for medical rehabilitation treatment associated with Gout in her knee.

11. Joy had been diabetic for quite some time; however her diabetes was always adequately treated with oral medication, rather than insulin injections.

12. However, when Joy was admitted to HeatlhSouth's Hot Spring's facility, HealthSouth started administering Joy insulin rather than oral medication.

13. Throughout Joy's time in HeatlhSouth's Hot Spring's facility, her symptoms from her diabetes were more on the hypoglycemia side — meaning that her glucose level in her blood was below normal. To the

full extent that on April 2, 2017, Joy's Lantus (long-acting insulin) was completely held, and was reduced in the morning of April 3, 2017.

14. While in HeatlhSouth, Joy's blood sugar testing never produced a test above 130 save one time that resulted in a test of 344.

15. This 344 read came at 11:23[1] on April 3, 2017 via a finger stick test. Joy had a blood sugar test in the morning on April 3, 2017, which showed her blood sugar as being 79. Joy also did not have any breakfast or anything else to eat on April 3, 2017, and her medical records reported this fact.

16. Thus, it is a scientific impossibility for Joy's blood sugar to have risen to such extent, and the 344 test was clearly in error and should have been judged as such by anyone exercising ordinary care in administration of healthcare services.

17. After a nurse for HeatlhSouth saw the 344 reading, and without preforming a second test or consulting a physician or another nurse, the HealthSouth nurse gave Joy 15 units of insulin which caused Joy's blood sugar to plummet.

---

[1] All times are reported in military time to be consistent with Joy's medical records.

18. At 13:34, another finger stick blood sugar test was conducted on Joy which showed that her glucose was 68 mg/dl. There was a standing physician order in Joy's records demanding certain action for blood glucose less than 70 mg/dl, but HealthSouth's nursing staff failed to follow the standing order. Thus, Joy did not receive glucagon or oral glucose in response to the 68 mg/dl result.

19. As a result of the 15 units of insulin, Joy's blood sugar plummeted causing her severe personal injury which ultimately ended in her untimely death.

COUNT I: MEDICAL NEGLIGENCE IMPUTED TO HEALTHSOUTH

20. The Plaintiffs incorporate the allegations made in paragraphs 1-16 of their complaint.

21. HealthSouth's nursing staff, acting within the course and scope of their employment and/or agency with HeatlhSouth, breached the applicable standard of care in the Hot Springs, Arkansas or similar locality in the following ways:

   a. Failing to administer a second blood sugar test before administering insulin when the test results were much higher than her previous tests;

    b. Failing to consult Joy's medical records to see that her previous tests were much lower and that she had not eaten;

    c. By administering 15 units of insulin when Joy had not eaten;

    d. Failure to obey the physicians standing orders regarding action for blood glucose readings below 70 mg/dl;

    e. Failure to consult a physician before administering the insulin under the circumstances;

    f. Failing to properly monitor Joy's blood glucose levels;

    g. Failing to otherwise act as a reasonable healthcare professional would under the circumstances.

22. These breaches of the standard of care, singularly and collectively actually and proximately caused Joy Hardy substantial personal injuries culminating in her death.

23. Joy's injuries and death have caused Plaintiff, Kenneth Hardy to lose the companionship of his wife, and has caused him and all of Joy's children and brothers and sisters immeasurable grief and suffering.

**WRONGFUL DEATH BENEFICIARIES:**

24. As this is an action for wrongful death, Joy's beneficiaries under Ark. Code Ann. § 16-62-102(d) are entitled to recover certain damages. These beneficiaries include, but are not limited to, the following:

   a. Elizabeth Slade-Sister;
   b. Charles Daniel-Brother;
   c. Marvin Daniel-Brother;
   d. Don Daniel-Brother;
   e. Audrey Brenton-Sister;
   f. Kenneth Hardy-Husband;
   g. Darrin Hardy-Son;
   h. Russel Hardy-Son;
   i. Brenda Hardy Bradley-daughter.

## DAMAGES

25. The actions and/or inactions of the employee and agent of HeatlhSouth acting within the course and scope of her employment and agency proximately caused damages, injuries, enhanced injuries, and death. Plaintiffs seek compensation for the following elements of damage under Arkansas law:

   a. Conscious pain and suffering;

b. Mental anguish and distress;

c. Past and future medical expenses;

d. Disfigurement;

e. Reasonable funeral and burial expenses;

f. Past and future loss of earnings and earning capacity;

g. Los of life and enjoyment of life;

h. Loss of household services;

i. Loss of consortium for Plaintiff Kenneth Hardy as husband of Victoria Thomas;

j. All other relief to which they may be entitled;

k. Grief for the loss of a loved one by all heirs of the decedent;

l. All other damages that can be recovered pursuant to Ark. Code Ann. § 16-62-102 and Ark. Code Ann. § 16-62-101.

WHEREFORE, the Plaintiffs prays that this Court award them judgment against the Defendant, in an amount to be determined by the Court, but an amount greater than that required for federal diversity jurisdictional purposes and for all other relief to which they may be so entitled.

              Respectfully Submitted,

_J. Ray B_

Ray Baxter, Ark. Bar No. 78012
The Baxter Law Firm
3115 Alcoa Road
Benton, AR 72015
PH: 501-315-2971
FX: 501-712-2856
Email:  raybaxterpa@gmail.com